IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )
                                    )        No. 3:19-CR-109-RLJ-DCP
                                    )
JASON DAVIS,                        )
                                    )
                    Defendant.      )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on the Motion to Continue Trial by the United States [Doc. 51], filed on August 28, 2020. The Government asks to continue the September 22, 2020 trial date in this case, stating that Defendant Jason Davis has violated the conditions of his pretrial release and cannot be located. The motion states that the United States Probation Office has not had contact with Defendant Davis since July 10, 2020. The Government requests a brief continuance in order to locate the Defendant. The motion relates that defense counsel is not in a position to oppose the Government's request for a continuance. Counsel have conferred with Chambers and agreed on a new trial date of November 17, 2020.

The Court finds the motion to continue the trial and other deadlines is unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the motion, the Court finds that currently, three weeks before the

scheduled trial date, Defendant Davis's whereabouts are unknown.[1]  The Court finds that a trial

on September 22 is currently not possible.  *See* 18 U.S.C. § 3161(h)(7)(B)(i) (excluding delay in

trial during a time in which proceeding with the trial is impossible or would result in a

miscarriage of justice).  The Court also finds that it is in the best interest of the parties and the

public to give the Government an additional brief time period in which to locate the Defendant.

Accordingly, the trial of this case is continued approximately two months to November 17, 2020.

The Government's motion [**Doc. 51**] to continue the trial date is **GRANTED**, and the

trial is reset to **November 17, 2020**.  The Court finds that all the time between the filing of the

motion for a continuance on **August 28, 2020**, and the new trial date of **November 17, 2020**, is

fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C.

§ 3161(h)(1)(D) & -(7)(A)-(B).  Other pertinent dates in this case are set out below.

The Court **ORDERS** as follows:

(1) The Motion to Continue Trial by the United States [**Doc. 51**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 17, 2020**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **August 28, 2020**, and the new trial date of **November 17, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

---

[1] The Speedy Trial Act excludes the delay from a defendant's absence for trial.  18 U.S.C. § 3161(h)(3)(A).  In order to find a defendant is absent under this provision, the Court must find that the defendant's "whereabouts are unknown" *and* the defendant "is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence."  18 U.S.C. § 3161(h)(3)(B).  In the instant case, the Court finds that Defendant Davis's whereabouts are unknown, but it lacks sufficient information with regard to the efforts that have been made to locate the Defendant at this point.  Additionally, the Government does not request a continuance under this provision of the Speedy Trial Act but, instead, asks the Court to make an ends-of-justice finding.  Thus, at this point, the Court will defer making a finding that the Defendant is absent under § 3161(h)(3) and will give the Government additional time in which to locate Defendant Davis.

2

(4) The final pretrial conference before the undersigned is continued from September 8, 2020, at 10:30 a.m., to **October 27, 2020, at 11:00 a.m.**;

(5) The deadline for concluding plea negotiations, providing reciprocal discovery, and filing motions *in limine* is extended to **November 2, 2020**; and

(6) Requests for special jury instructions, supported by citations to authority pursuant to Local Rule 7.4, shall be filed by **November 6, 2020.**

**IT IS SO ORDERED.**

ENTER:

United States Magistrate Judge